FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 29   PM 4: 37

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHADWICK DENNIS #324475** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-2164** |
| **BURL CAIN, WARDEN** | * | **SECTION: "S"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as time-barred**.

### Procedural History

Petitioner, Chadwick Dennis, is a state prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On April 21, 1999, petitioner was

Fee_____
Process_____
X / Dktd_____
_/ CtRmDep_____
___ Doc. No _____

convicted by a jury of aggravated battery, a violation of La. R.S. 14:34.  Petitioner was

adjudicated a multiple offender and was sentenced to life imprisonment on July 27, 2000.[1]

Petitioner appealed his conviction to the Louisiana Court of Appeal, Fifth Circuit.   On

December 13, 2000, the conviction was affirmed and the case was remanded with

instructions that the trial court inform Dennis of the prescriptive period for filing post-

conviction relief pursuant to LSA - C.Cr. P. art. 930.8(C).[2]  Petitioner's application for a writ

of certiorari and/or review was denied by the Louisiana Supreme Court on November 21,

2001.[3]

On January 17, 2001, petitioner filed a second appeal in the Louisiana Court

of Appeal, Fifth Circuit contesting the multiple bill proceedings.[4]  The appeal was dismissed

on the motion of petitioner's counsel on January 23, 2001.[5]

---

[1]See State Record, Vol. 1 of 4, Minute Entry dated 07/27/2000.  **State v. Chadwick Dennis**, No. 98-6886, 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

[2]**State v. Dennis**, 777 So.2d 569 (La. App. 5th Cir. Dec. 13, 2000).  The issues were:  the trial court erred in allowing the state to present a deputy's recollection of an oral statement made by petitioner; insufficient evidence; and the statute under which petitioner was convicted was unconstitutionally broad.

[3]**State v. Dennis**, 802 So.2d 629 (La. Nov. 21, 20001).

[4]See State Record, Vol. 3 of 4, Criminal Appeal Receipt, Jan. 17, 2001.

[5]See State Record, Vol. 3 of 4, Motion to Dismiss and Order granting dismissal Jan. 23, 2001.  **State of Louisiana v. Chadwick C. Dennis**, No. 01-KA-42 (La. App. 5th Cir. 01-23-01).

2

On February 26, 2003, petitioner filed his first petition for post conviction

relief (PCR) in the state district court, therein raising the following issues:  his trial counsel

refused to allow petitioner to testify during his trial; improper adjudication as a multiple

offender; ineffective assistance of counsel because of abandonment of alibi defense; trial

court failed to advise petitioner of his right to remain silent during his arraignment on the

multiple bill; and ineffective assistance of counsel during the multiple bill proceedings.[6] The

state district court denied petitioner's PCR application on March 10, 2003.[7]

_____

[6]See State Record, Vol. 2 of 4, Application for Post Conviction Relief.  (Issues listed on page 6.)  Review of the PCR shows that the affidavit was sworn and signed on Feb. 11, 2003.

[7]See State Record, Vol. 2 of 2, for copy of Order denying the PCR.  The court said, in pertinent part:

> First, the defendant claims his Constitutional rights were violated when he was denied the right to testify at trial.  While the defendant claims that he was denied the right to testify at trial, the decision not to testify was his alone and not made by anyone other than him.  Furthermore, by not testifying at trial, the defendant was protected from questions about any past criminal background.  The defendant's decision was his own and his current claim is, therefore denied for lack of merit.

> The defendant further claims that the trial court improperly adjudicated him as a multiple offender.  Specifically, the defendant claims that despite his signed (sic) the Boykin  waiver of rights form this is insufficient to represent that he was properly advised of his rights (or, properly "Boykinized").  A review of the record reveals no proof or support for this claim, therefore, it is dismissed for lack of merit.

> The defendant further claims that he was denied effective assistance of counsel when his attorney abandoned his defense during his trial.  The defendant was found guilty by a jury on April 21, 1999.  The Supreme Court of the United States established the standards for the claim of ineffective assistance of counsel in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

On April 22, 2003, petitioner filed a motion for production of documents and request for a contradictory hearing in the state district court. The court denied the motion on April 29, 2003.[8] On May 1, 2003, petitioner filed an application for supervisory writs

---

(1984). The test established by the Supreme Court provides that in order for a claim of ineffective assistance of counsel to prevail, the petitioner must show the counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and that the deficient performance prejudiced the defense in that the errors were so serious as to deprive petitioner of a fair trial.

In the instant case, the defendant claims that his counsel 'abandoned' his alibi during the defendant's trial. The defendant's claim does not rise to the level of ineffective counsel by the meaning of **Strickland**, therefore, the defendant's claim claim must fail.

Finally, the defendant claims that the trial court erred when it failed to advise the defendant of his right to remain silent during his multiple offender hearing. The defendant's third assignment of error claims that the trial court erred when it did not administer the right to remain silent to him at his multiple offender hearing. The Fifth Circuit addressed this issued in **State v. Harris**, 01-1380(La. App. 5th Cir. 4/30/02), 817 So.2d 387, *citing*, **State v. Perkins**, 99-1084 (La. App. 5th Cir. 01/25/00), 751 So.2d 403, 408-409, writ denied, 00-656 (La. 12/15/00), 777 So.2d 476 with the following:

> "...the failure of the trial court to advise the defendant of his right to remain silent was harmless error where the defendant's multiple offender status was established by competent evidence offered by the State at the hearing, rather than by the defendant's admission." **Id**. at *2, 389.

Based on **Harris**, therefore, the defendant's claims that the trial court erred by not advising him of the right to remain silent at the defendant's multiple offender hearing must also fail.

[8]See State Record, Vol. 2 of 4, for copy of court's Order denying the motion with written reasons.

challenging the denial of his PCR application in the Louisiana Court of Appeal, Fifth Circuit,

based upon the same issues brought in the state district court. The writ was denied on May

5, 2003.[9]  On June 10, 2003, petitioner filed an application for writs in the Louisiana

Supreme Court based upon the same issues previously raised in the lower courts.[10]  The

application was denied on May 7, 2004.[11]

On July 27, 2004, petitioner filed the instant federal application for habeas

corpus relief.[12]  Therein, petitioner challenges his conviction and sentence based upon his

---

[9]See State Record, Vol. 2 of 4 for copy of Ruling. **Dennis v. Cain**, No. 03-KH-520, (La. App. 5th Cir. May 5, 2003). The Court said: "On the presentation, the application discloses no error in the trial court's ruling of March 10, 2003, on relator's Application for Post Conviction Relief."

[10]See State Record, Vol. 4 of 4, for a copy of Application. **Dennis v. Cain,** No. 03-KH-1613 (stamped as filed on June 10, 2003).

[11]See State Record, Vol. 4 of 4, for copy of Ruling. **State ex rel. Chadwick Dennis v. State of Louisiana**, No. 2003-KH-1613 (La. May 7, 2004).

[12]*See* Federal Record, Doc. # 1. This July 27, 2004, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, July 27, 2004, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). Petitioner signed the declaration on his petition and his certificate of service on July 27, 2004.

counsel's refusal to allow him to testify at trial; ineffective assistance of counsel as his counsel abandoned petitioner's alibi defense; and ineffective assistance of counsel during the multiple offender proceedings. The State filed its response on October 7, 2004, therein arguing that petitioner's claims should be dismissed because they are untimely and are procedurally barred.[13]  Petitioner filed a traverse to the State's response on October 20, 2004,[14] therein claiming that his federal petition should not be considered untimely filed because: 1) he should have received the benefit of a "mailbox rule" when calculating his timeliness; and, 2) any delay in filing was caused by his attorney's failure to timely advise him of the Louisiana Supreme Court's denial of certiorari.

<u>**Analysis**</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[15]  *See* Title 28, United States Code, Section 2244(d)(1) (West

---

[13]See Federal Record, Doc. #4.

[14]See Federal Record, Doc. #5.

[15]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

6

2005).  In this case, Dennis' conviction became final under state law on December 5, 2001,

fourteen days after  November 21, 2001, the date the Louisiana Supreme Court denied his

request for a writ of certiorari.[16]   However, the later date for Dennis' limitations period to

commence would be 90 days after entry of the Louisiana Supreme Court's judgment denying

certiorari, as that is the date when he could no longer seek review of the highest state court's

decision with the U.S. Supreme Court. *See* Sup. Ct. R 13(1); **Giesberg v. Cockrell**, 288 F.3d

268, 270 (5th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 1072, 123 S.Ct. 663, 154 L.Ed.2d 566 (2002); **Ott**

**v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999), <u>cert</u>. <u>denied,</u> 529 U.S. 1099, 120 S.Ct. 1834,

146 L.Ed.2d 777 (2000).  Accordingly, the court finds that Dennis' one year limitation period

commenced to run on February 19, 2002.[17]  Petitioner therefore had until February 19, 2003,

to file his federal habeas petition but failed to file until July 27, 2004.  As a result, his federal

habeas petition must be dismissed as untimely, unless the one-year statute of limitations

period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2).

Under that statutory provision, "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection."

---

[16]*See* La. C.Cr. P. art. 922.

[17]The State's calculation erroneously ran the 90 day deadline for U.S. Supreme Court
review from the date of finality of the judgment rather than from the date of entry, as specified in
Sup.Ct. R. 13(1).

Petitioner filed his first post-conviction relief application (PCR) in the state court on February 26, 2003. However, no interruption of the running of the one year time limitation for filing a federal habeas corpus petition occurred since, by that time, petitioner had already allowed 371days to expire. Thus, Dennis cannot benefit from any statutory tolling time. Based upon the above discussion, petitioner's federal habeas corpus petition is clearly time barred, absent a basis for equitably tolling petitioner's prescriptive period.

### Equitable Tolling

Equitable tolling is justified only in "rare and exceptional circumstances." **Fisher v. Johnson,** 174 F.3d 710, 713 (5th Cir. 1999) (quoting **Davis v. Johnson,** 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999) (citing **Rashidi v. Am. President Lines**, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of Section 2254 relief. **Coleman**, 184 F.3d at 403. Dennis makes two arguments relative to equitable tolling.

8

**Notice of State Court Decision**

Petitioner first argues, in his Traverse to State's Response, that his federal petition should not be dismissed as untimely because his attorney failed to timely notify him of the November 21, 2001, decision of the Louisiana Supreme Court denying certiorari. Petitioner claims that he did not get notice of this decision until his attorney advised him of it by letter on June 29, 2002.

The burden of proof to establish that equitable tolling applies falls to petitioner. **Phillips v. Donnelly**, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner's claim essentially is that he should not be penalized for his attorney's error in failing to notify him that the Louisiana Supreme Court had denied his request for certiorari. Regarding claims of equitable tolling for attorney error, the U.S. Fifth Circuit has ruled, in **Salinas v. Dretke**, 354 F.3d 425, 431-432 (5th Cir. 2004), as follows:

> In **Cousin, id.**[18] at 846, we considered whether it was an abuse of discretion not to toll limitations where a petitioner was harmed by the actions of an attorney who, after receiving notice that his client's *in forma pauperis* motion had been denied, failed to inform his client for two years that the five-dollar filing fee needed to be paid. Cousin argued that the district court should have equitably tolled AEDPA's limitations period, because neither he nor his new attorneys received notice of the

---

[18]Citing **Cousin v. Lensing**, 310 F.3d 843, 847-48 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003).
1.
.

denial of his motion.  **Id**. at 848.  We noted that "[e]quitable tolling is warranted . . . only in situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."  **Id**. (citations omitted).  Following other circuits, we concluded that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  **Id**. at 849.  In light of **Cousin**, the district court did not abuse its discretion when it held that Salinas had failed to show the existence of the sort of "rare and exceptional" circumstances that would warrant equitable tolling.

Additionally, it is noteworthy that the U.S. Fifth Circuit has rejected a habeas petitioner's claim that his counsel's failure to timely notify him of the outcome of his direct appeal constituted ineffective assistance of counsel.  See **Moore v. Cockrell**, 313 F.3d 880, 882 (5th Cir. 2002).  Specifically observing that "[t]he constitutionally secured right to counsel ends when the decision by the Appellate Court is entered," the Fifth Circuit found that Moore's appellate counsel's failure to notify him of the outcome of his direct appeal did not excuse a subsequent untimely filing for discretionary review.  **Id**.

Also relevant is the fact that petitioner cannot be said to have been diligent in pursuing post-conviction relief even after learning from his attorney that his direct appeal had been denied.  In order for equitable tolling to apply, the applicant must diligently pursue his Section 2254 relief.  **Coleman**, 184 F.3d at 403.  In this case, the record establishes that Dennis waited from June 29, 2002, when he received notice from counsel, until February 26,

2003, before he filed his state post-conviction application - a period of 241 days. Therefore, Dennis does not qualify for equitable tolling.

### Mail Box Rule

Petitioner's second argument in favor of equitable tolling is that this Court should apply the "mail box rule," when determining the dates that his state post conviction proceedings were filed. This argument is not supported by Fifth Circuit precedent.

In the case of a *pro se* prisoner filing a federal habeas corpus action, "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing." **Spotville v. Cain**, 149 F.3d 374, 376 (5th Cir. 1998)(See also page 5, Fn. 12 of this Report regarding the use of the federal mail box rule). As previously stated, petitioner was given the benefit of the federal "mail box rule" relative to the filing date of his federal petition. (July 27, 2004.)

Petitioner seeks to have the court to apply a similar "mail box rule" to determine the dates of his state court filings. Petitioner argues that his mail box filing date for his state PCR application should be February 11, 2003, as opposed to February 26, 2003, the date when his state PCR was stamped as "filed." However, although Louisiana recognizes the mail box rule of **Houston v. Lack**, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), see **State ex rel. Johnson**, 648 So.2d 909(La. 1995), the U.S. Fifth Circuit has ruled that the federal mail box rule should not be extended on <u>habeas</u> review to determine the

11

filing date for state habeas applications. See **Coleman v. Johnson,** 184 F.3d 398, 401 (5th

Cir. 1999).[19]  Instead, the Fifth Circuit has instructed that when a prisoner asserts that his

ability to file a federal habeas petition has been affected by the difference between the

mailing date of his state petitions and the actual filing date, a federal court is limited to

determining whether that petitioner is a candidate for equitable tolling.

 As has been previously stated, petitioner is not a candidate for equitable tolling.

He delayed his pursuit of state habeas corpus relief, waiting from November 2001, when his

appeal was final, until February 2003, to file his first state PCR.  Even considering the late

notice from his counsel, he still waited 241 days after that notice was received before

pursuing state post-conviction relief.

 Moreover, the court notes that even if Dennis were given the benefit of the

mailbox rule with regard to his state court filings, Dennis would still be untimely.

As already stated, Dennis had until February 19, 2003 to file his federal habeas

petition or to file a state post-conviction application which would toll his federal limitations

period.  He did not file his first post-conviction relief application (PCR) in the state court

---

[19]The U.S. Fifth Circuit has not yet applied this holding from **Coleman** to determine
whether a Louisiana state prisoner's federal habeas petition was timely filed.  However, the Fifth
Circuit has declined to give a Mississippi state prisoner the benefit of the federal mail box rule in
determining whether his federal habeas was timely filed, see **Torns v. Mississippi,** 54 Fed.
Appx. 592, 2002 WL 31730353 (5th Cir. Nov. 22, 2002), even though Mississippi would have
applied the rule of **Houston v. Lack** to its state filings.  See, **Easley v. Roach,** 879 So.2d 1041
(Miss. 2004).

until February 26, 2003.  Dennis claims, however, that he mailed the state PCR on February 11, 2003, thereby interrupting the running of the time limitation for filing a federal habeas corpus petition 8 days before the one year deadline.  The district court denied the PCR application on March 10, 2003, and it was considered "pending" for thirty days thereafter, until the time for filing for review of the decision lapsed.  **Melancon v. Kaylo,** 259 F.3d 401, 406 (5th Cir. 2001).  Dennis' PCR thus ceased to be pending as of April 10, 2003.  See Louisiana Courts of Appeal Uniform Rule 4-3.

As previously mentioned, petitioner filed a motion for production of documents and request for a contradictory hearing in the state district court on April 22, 2003, which was denied on April 29, 2003.  Such motions, however, are not considered "other collateral review" which would entitle a petitioner to statutory tolling under Section 2244(d)(2).  **Osborne v. Boone,** 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999)(Table, Text in Westlaw).  A petitioner is not entitled to the exceptional remedy of tolling while he waits to gather every scrap of paper that might support his post-conviction claims.  See **Flanagan v. Johnson,** 154 F.3d  196, 199 (5th Cir. 1998); **Brown v. Cain,** 112 F.Supp.2d 585, 587 (E.D.La. 2000)(Berrigan, J.), aff'd., 239 F.3d 365 (5th Cir. 2000)(delay in receiving transcripts does not warrant tolling unless petitioner can prove that he had to have transcripts to proceed); **Gerrets v. Futrell,** 20002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); **Jones v. Johnson,** 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file

application and then continue to gather transcripts); **Grayson v. Grayson,** 185 F.Supp.2d

747, 751-52 (E.D. Mich. 2002)(delay in receiving transcript not specifically required to file

application does not warrant equitable tolling).

Petitioner next filed an application for supervisory writs in the Louisiana Court

of Appeal, Fifth Circuit on May 1, 2003, which was denied on May 5, 2003. However, by

the time of this filing, Dennis' federal limitations period had already expired, as there was

a lapse of 20 days between April 10, 2003 (when the PCR ceased to be pending after the

district court's ruling) and May 1, 2003 (the date the application for review was filed with

the appellate court). Here again, Dennis argues that his writ application to the appellate court

should be considered filed earlier, specifically on April 28, 2003, the date when he claims

he mailed said application. Giving Dennis the benefit of this April 28, 2003 date, however,

he still allowed a lapse of 18 days before he filed his state PCR with the appellate court

(April 10, 2003, when the PCR ceased to be pending after the district court's ruling, through

April 28, 2003, the mailbox date of the writ to the appellate court.) Since he only had eight

days left of his federal limitations period, his federal limitations period lapsed. Thus, even

if the court were to give Dennis the benefit of mailbox dates, Dennis would still be untimely.

As Dennis' federal habeas petition is untimely filed, his claims are barred from federal

review.

Accordingly;

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** Chadwick Dennis' application for federal habeas corpus relief pursuant to Title 28, United States Code, Section 2254 be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _29th_ day of _July_, 2005.

LOUIS MOORE, JR.
United States Magistrate Judge

15